CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
FEB 0 8 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:06CR00039-2 |
| v. | REPORT AND RECOMMENDATION |
| CHRISTOPHER TYRELL CLARK[1], a/k/a "Little Chris", a/k/a "Christopher Clark", | |
| | By: B. WAUGH CRIGLER |
| Defendant. | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with willfully and knowingly combining, conspiring, confederating and agreeing with persons known and unknown to the Grand Jury to commit the following offenses against the United States, to wit: to knowingly and intentionally distribute in excess of 50 grams or more of cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(a)(1); to knowingly and intentionally possess with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846; in Count Two with knowingly and intentionally distributing less than five grams of a mixture or substance containing a detectable amount of cocaine base, or "crack", a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a), and 841(b)(1)(C); and in

---

[1]The Indictment names the defendant as Christopher Clark. By oral motion and order on September 12, 2006, the defendant's name was amended/corrected to reflect that he is Christopher Tyrell Clark. (Dkt. Nos. 21, 22.)

Count Eleven a forfeiture allegation pursuant to Title 21, United States Code, Section 853.

On February 6, 2007, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Counts One and Two and agreed to the forfeiture as set forth in Count Eleven of the Indictment. At this hearing the defendant was placed under oath and testified his full legal name is Christopher Tyrell Clark, he was born on October 16, 1986, and he attended high school up to the eleventh grade and earned a GED. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to the offenses.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, assurances, or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged in Counts One and Two are felonies and that, if his plea is accepted, he will be adjudged guilty of those offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per felony count.

The defendant was informed that the maximum possible penalty for the offense with which he is charged in Count One, is life imprisonment, a fine of $4,000,000, and five years of supervised

release. The defendant was informed that the maximum possible penalty for Count Two is a term of twenty years imprisonment, a fine of $1,000,000, and three years of supervised release. The defendant was informed that Count Eleven is a forfeiture allegation.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;

2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea. The defendant asked the court to accept his plea of guilty to Counts One and Two and his agreement to forfeiture as set forth in Count Eleven of the Indictment.

## THE GOVERNMENT'S EVIDENCE

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged is as follows:

Come now the United States of America, by counsel, and CHRISTOPHER CLARK, by counsel and in proper person, and stipulate to following facts in support of the guilty plea. The parties agree that the stipulated facts set forth below are accurate in every respect and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt. In addition, the

4

United States and I agree to the stipulation of facts with the belief that said stipulation sets forth the relevant facts and circumstances as required by Section 6B1.4 of the Sentencing Guidelines. The parties reserve the right to introduce additional facts and circumstances relating to the offense, and stipulate as follows:

Beginning at an unknown date but not later than January 2002, and continuing to September 6, 2006, an agreement existed in the Western District of Virginia between two or more persons to distribute and possess with intent to distribute 50 or more grams of cocaine base, or "crack". The defendant knew of the agreement, and he knowingly and voluntarily became a member of the conspiracy.

In the time frame charged in the indictment, James Ray Holmes, Donald Ray Holmes, CHRISTOPHER CLARK, and Demarcus Clark would distribute cocaine base from various hotels and motels located in Winchester, Virginia

On April 2, 2004, a search warrant was executed at 978 North Braddock Street, which, is located in the City of Winchester. A vehicle was listed in the search warrant. The vehicle was stopped, and CHRISTOPHER CLARK and James Ray Holmes were identified as occupants of the vehicle. Agents located approximately twelve grams of cocaine base in close proximity of CLARK and James Holmes.

On December 15, 2005, CHRISTOPHER CLARK sold .65 grams of a quantity of crack cocaine to a person working under the close supervision of law enforcement officers.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed

plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Two and agreed to forfeiture as set forth in Count Eleven of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Counts One and Two and his agreement to forfeiture as set forth in Count Eleven. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for April 23, 2007 at 3:30 p.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

February 8, 2007
Date